[No. 30090. Department Two. February 21, 1947.]

EDNA STEWART, *Appellant*, v. MAX STEWART, *Respondent*.[1]

*Wright & Malloy*, for appellant.

*J. W. Graham*, for respondent.

STEINERT, J.—This is an appeal from an order denying plaintiff's motion to dismiss a divorce action in which an interlocutory order of divorce had previously been entered in favor of the defendant.

The parties to this litigation intermarried on January 3, 1945. Sometime prior to September of that year, appellant, Edna Stewart, as plaintiff, instituted action for divorce against respondent, Max Stewart, named therein as defendant. Respondent promptly filed a cross-complaint seeking a divorce from appellant. On the day set for trial of the action, September 14, 1945, appellant failed to appear. After hearing the testimony submitted by the respondent, the court made findings of fact, drew conclusions of law, and entered an order granting respondent an interlocutory

[1] Reported in 177 P. (2d) 900.

order of divorce. The findings recited, *inter alia*, that the parties had entered into a property agreement prior to their separation and that no property rights remained to be settled in the action.

On March 7, 1946, or about a week prior to the expiration of the six month's period which, under the statute, must elapse before a final decree of divorce may be entered, appellant served and filed a motion to dismiss the divorce action. In an accompanying affidavit, she alleged, as grounds for her motion, that the parties had resumed the marital relation. The allegations of her affidavit were categorically denied by the respondent in a counteraffidavit. Upon issues thus presented, a hearing was had before the court on oral testimony. At the conclusion of the hearing, the trial court pronounced its oral decision analyzing the evidence and thereafter entered the order from which this appeal was taken.

At the outset, it should be understood that this proceeding does not arise out of any motion or petition *by the respondent* for a final decree of divorce. The record does not disclose that he has ever made any such application, and, concededly, he could not properly have done so at the time appellant initiated this proceeding or at any time prior thereto.

Although appellant, in her statement of questions involved, urges two legal propositions, which we shall consider a little later, the real question to be decided here is, as we view it, whether or not the order of dismissal made by the trial court is supported by a preponderance of the evidence.

Upon the hearing of the instant matter, appellant claimed, and respondent admitted, that in the latter part of October, 1945, about a month following the entry of the interlocutory order, appellant moved into the house then being occupied by the respondent as his home, located on Jorstad creek, near Hood Canal; that she remained there for a period of six weeks; and that she left in consequence of a violent quarrel between the parties. However, the circum-

stances under which appellant moved into the premises and the arrangements under which she remained there for the time specified, are to some extent in serious dispute.

Appellant testified that respondent made her an offer that, if she wanted to come back, he would give her fifty dollars a month to keep house for him and one George Arnestead, who was at the time employed by respondent; that she accepted the offer and did the cooking and laundering for the two men, besides helping in the work of opening oysters; and that on one occasion she acted as hostess when the parties entertained a number of persons at a Thanksgiving dinner. She frankly admitted that she had been paid in full for these services, as indicated by the checks which were offered and received in evidence. She claimed, however, that she "went back there to work for Mr. Stewart, *as his wife*" (italics ours), and that she took "the place of a wife to him," and he "the place of a husband" to her. Throughout her entire examination, she gave but one instance of occupying the same bed with respondent; with respect to that instance, she was in part corroborated by certain of her relatives who unexpectedly had come to the house on that particular occasion.

The evidence is uncontradicted that the house in which the appellant and respondent slept contained only three rooms, each furnished with a bed; that appellant customarily occupied one of these rooms alone, the respondent a separate room, and Arnestead the third; and that any noise or commotion in any of the rooms could easily be heard in the others. The cooking and eating were done in an adjoining house, which was also owned by the respondent.

Appellant further testified that on one occasion she and the respondent spent the night together in a hotel in Seattle.

Respondent testified that, at appellant's request, he had employed her on a salary, merely to do the housework for him and Arnestead, and that he had paid her in full for these services, according to the checks which were admitted in evidence. He denied that he had ever, during the period here in question, had sexual relations with the

appellant. With reference to the occasion of joint occupancy of the bed in respondent's room, as alleged by appellant, respondent testified that on that night certain of appellant's relatives made a surprise call at the home long after midnight, and that appellant went from her own room, admitted them, and then, deliberately, and without his request or consent, got into his bed, at the same time saying, "It is too damned cold back there and I am going to get in your bed."

With reference to the Seattle trip, respondent testified that, at appellant's specific request, he had taken her to that city to have some dental work done; that on that occasion he procured a room for her at a hotel, registering her name only; and that he himself did not occupy the room at all. Appellant admitted that she went to Seattle for the purpose of having some dental work done and that the dentist performed the service.

The witness Arnestead corroborated the respondent fully in all matters pertaining to appellant's six weeks' stay at respondent's home. The trial judge in his oral decision commented favorably on the credibility of this witness, as against the testimony of other witnesses, "who apparently, from their manner of testifying, are really very much interested." The trial judge also specifically stated that the preponderance of the evidence was in favor of the respondent.

█ It is a settled rule that, in trials to the court, findings upon conflicting evidence will not be disturbed on appeal unless the evidence preponderates against such findings. *Sievers v. Sievers,* 11 Wn. (2d) 446, 119 P. (2d) 668, and cases therein cited.

A reading of the statement of facts discloses that there was substantial evidence to support the findings and conclusions of the trial court, and that the preponderance thereof not only was not against those findings and conclusions, but was decidedly in support of them.

In her statement of questions involved, appellant urges two propositions: (1) that a resumption of the marital re-

lation can be effected without sexual acts; and (2) that, in a proceeding where the spouse against whom an interlocutory order of divorce has been granted moves for a dismissal of the divorce action on the ground that the marital relation has been resumed prior to the entry of a final decree, and supports such motion with an affidavit to that effect, the burden of proof to show that such relation has *not* been resumed rests upon the spouse who opposes the motion, and that, in such proceeding, the burden does not shift to the maker of the motion to prove that the marital relation has in fact been resumed.

In urging the first of these propositions, appellant recognizes that the evidence with reference to any sexual act was conflicting, and that the court found against her upon that issue. Her argument now is that the resumption of marital relations is a question of fact as well as of law, and may be established by proof that the parties have deliberately and intentionally resumed those relations and have openly lived together as husband and wife, regardless of whether or not any sexual act is committed.

For the purposes of this case, we may assume that her statement of the law in that respect is correct. Her difficulty, however, is that the court found against her on the facts upon which her proposition of law is based. Upon the particular issue, the court found, from the evidence, that the parties had not resumed the marital relation, that they had not lived together openly or otherwise as husband and wife, and that there was neither an intent nor any act on their part from which such consequence would legally follow.

Upon her second proposition, appellant cites as authority for her contention Rule V, General Rules of the Superior Courts, 193 Wash. 57-a, which reads as follows:

". . . *No application for a final decree of divorce* shall be granted except upon verified petition or motion therefor, supported by affidavit of the applicant filed in the cause, and after it shall have been made to appear to the satisfaction of the court that the parties have not resumed

the marital relation since the granting of the interlocutory decree of divorce. . . ." (Italics ours.)

■ Again we point out that no application for a final decree has ever been made, either by the respondent or by the appellant. This proceeding is evidently one in which appellant seeks to prevent respondent from making such application at the proper time. Having herself sought to establish the fact of a resumption of the marital relation, and having instituted a proceeding for that purpose at a time when it would have been premature for the respondent to raise or suggest that issue, the burden was upon her to prove the fact which she then asserted.

■ Moreover, when the issue was subsequently presented to the trial court for determination, and, after evidence thereon had been fully submitted, the court found as a fact that the marital relation had not been resumed. The evidence in support of that finding was substantial, and we agree with the trial court that the preponderance thereof weighed in favor of such finding.

The order denying appellant's motion to dismiss the action is affirmed.

MALLERY, C. J., ROBINSON, JEFFERS, and HILL, JJ., concur.